IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**PAULA PRISOCK**                                                                                           **PLAINTIFF**

VS.                                                                                  CIVIL ACTION NO. 22-574

**WALMART, INC., WAL-MART STORES EAST,
L.P., WAL-MART ASSOCIATES, INC.,
WAL-MART STORES, INC.
JOHN DOE PERSON (1), JOHN DOE PERSON(S) 2-5
JOHN DOE COMPANY(IES) 1-5 and JOHN
DOE ENTITY(IES) 1-5**                                                                    **DEFENDANTS**

**COMPLAINT, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS UNTO DEFENDANT,
WAL-MART STORES, INC.**
**(Jury Trial Requested)**

Plaintiff Paula Prisock, by and through counsel, files her Complaint against Defendants Wal-Mart, Inc., Wal-Mart Stores East, L.P., Wal-Mart Associates, Inc., Wal-Mart Stores, Inc., ("Wal-Mart"), John Doe Person(s) 1-5, John Doe Company(ies) 1-5, and John Doe Entity(ies) 1-5, and in support hereof shows as follows:

### I.   Parties

1. Plaintiff Paula Prisock is an adult resident citizen of Florence, Rankin County, Mississippi.

2. Defendant Wal-Mart, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville, AR 72716, and may be served with process of this Court on its Registered Agent, C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. Defendant Wal-Mart Stores East, L.P. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville, AR

1



72716, and may be served with process of this Court on its Registered Agent, C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4. Defendant Wal-Mart Associates, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville, AR 72716, and may be served with process of this Court on its Registered Agent, C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendant Wal-Mart Stores, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 708 SW 8th Street, Bentonville, AR 72716, and may be served with process of this Court on its Registered Agent, C.T. Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

6. Defendant Wal-Mart, Inc., Defendant, Wal-Mart Stores, East, L.P., Defendant Wal-Mart Associates, Inc. and Defendant Wal-Mart, Stores Inc. will be referred to collectively as Wal-Mart Defendants.

7. John Doe 1 was on April 20, 2020, the manager of Wal-Mart in Byram, Mississippi located at 131 Handley Blvd., Byram, MS 39272 and is an unknown person who may have been responsible for or contributed to the negligence alleged herein. He or she may be added as a named Defendant when his or her identity is known.

8. John Doe(s) 2-5 are unknown persons who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

9. John Doe Company(ies) 1-5 are any unknown companies who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

10. John Doe Entity(ies) 1-5 are any unknown entities who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

## II. Jurisdiction and Venue

11. Jurisdiction and venue are proper in this Court, pursuant to Miss. Code Ann. §§9-7-81 and 11-11-13, as this matter concerns damages in excess of two hundred dollars ($200.00) and the injury that occurred in Hinds County, Mississippi.

## III. Facts

12. On or about April 20, 2020, Plaintiff shopped at the Wal-Mart Supercenter #6469 located at 131 Handley Blvd, Byram, MS 39272, as a business invitee and acted with reasonable care for her own safety at all relevant times.

13. As Plaintiff was on her way to exit the store after leaving the register, Plaintiff slipped and fell on something wet in the walking area. While an employee was in this area, no signs were posted in the area warning Plaintiff of the hazard.

14. At all times relevant hereto, Supercenter #6469 was open to Plaintiff and to those members of the public at large who might go there as business invitees.

15. As owner and operator of Supercenter #6469, or through its agents or employees, Defendant Wal-Mart failed to properly maintain the area, creating the dangerous condition of a hazard. In the alternative Defendant, Wal-Mart thru its agents or employees failed to properly warn the Plaintiff of a known danger or a danger that it should have had knowledge about. In the alternative Defendant Wal-Mart failed to properly warn the Plaintiff of a danger that it had knowledge of or should have had knowledge of.

### IV. Negligence-Premises Liability

16.  All allegations in the preceding paragraphs are incorporated as if fully set forth herein.

17.  Premises liability attaches when: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant" *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2003) (Citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)). When the dangerous condition is created by the defendant or someone under its authority, proof of the defendant's knowledge of the dangerous condition is not required. *K-Mart Corp. v. Hardy*, So. 2d 975, 981 (Miss. 1999).

18.  At all times material hereto, Defendants had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger, including, but not limited to:

   a. To use reasonable and ordinary care to keep and maintain the premises in a reasonably safe condition;

   b. To keep the premises free from defects and hazardous conditions that could reasonably and foreseeably cause harm and injury;

   c. To take reasonable and necessary steps to warn of the existence of dangerous and hazardous conditions on the premises;

   d. To take reasonably necessary steps to correct, eliminate, and prevent dangerous conditions existing on its premises; and

  e. To use and exercise reasonable care to protect those who are business invitees on the premises and to correct and remedy discoverable conditions constituting hazards and danger on its premises.

19. Defendants failed to perform and violated or breached the duties they owed to Plaintiff, and such failures, violations, and breaches constituted negligence and/or gross negligence on the part of Defendants, including, but not limited to:

  a. Failing to use reasonable care to keep and maintain the premises in a reasonably safe condition.

  b. Failing to keep the premises free from defects and conditions that could reasonably and foreseeably cause injury to Plaintiff and others;

  c. Failing to warn Plaintiff and others of the existing hazardous and dangerous conditions;

  d. Failing to take reasonably necessary steps to correct, remedy, and prevent a hazardous condition on its premises which Defendants knew or should have known existed; and

  e. Failing to exercise reasonable care to protect Plaintiff and to remedy or prevent reasonable discoverable conditions that were hazardous and dangerous to her while on said premises.

20. Specifically, Defendants' failure to properly inspect the floor, clean the wet floor or properly post warning signs regarding the wet condition with an employee in the area was a negligent act that created a dangerous hazard that caused Plaintiff's injuries. Defendants knew or should have known of the dangerous conditions created by the wet floor, and Defendants failed

to take remedial action to correct the dangerous conditions or warn Plaintiff of the dangerous conditions.

21. As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendant, Plaintiff has suffered compensatory damages, including, but not limited to:

   a. Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;

   b. Past, present, and future physical pain and suffering;

   c. Past, present, and future emotional and mental suffering and anguish;

   d. Temporary and permanent physical impairment or disability; and

   e. Loss of enjoyment of life.

**V.    Negligence-The Store Manager is the Person in Charge of the Premises.**

22. All allegations in the preceding paragraphs are incorporated as if fully set forth herein.

23. Defendant John Doe 1 was the store manager at the time of the incident referenced above. The Mississippi Supreme Court has found that "a person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning (the) invitee of dangerous conditions not readily apparent which (the) owner knows or should know of in the exercise of reasonable care." *Smith v. PetSmart, Inc.*, 278 Fed. Appx. 377, 380 (5th Cir. 2008) citing *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-736 (Miss. 2005) (en banc).

24. Specifically, Defendant John Doe 1's (1) failure to have warning signs posted regarding the wet area, (2) failure to clean the floor properly, (3) failure to properly train Wal-Mart's

employees to implement the proper policies and procedures regarding posting warning signs; (4) failure to train Wal-Mart's employees to implement the proper policies and procedures regarding inspecting the floor, and (5) failure to train Wal-Mart's employees to implement the proper policies and procedures regarding cleaning the floor were negligent acts which created a dangerous hazard that cause Plaintiff's injuries. Defendant John Doe 1 knew or should have known of the dangerous conditions created by the wet floor, and Defendant John Doe 1 failed to take remedial action to correct the dangerous conditions or warn Plaintiff of the dangerous conditions.

25.  As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendants, Plaintiff has suffered compensatory damages, including but not limited to:

   a. Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;
   b. Past, present, and future physical pain and suffering;
   c. Past, present, and future emotional and mental suffering an anguish;
   d. Temporary and permanent physical impairment or disability; and
   e. Loss of enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests a trial by jury and prays a judgment of, from, and against Defendants for a sum in an amount within the jurisdictional limits of this Court, all costs and expenses associated with the prosecution of this matter, prejudgment and post judgment interest as permitted by law and for any further relief that this Court may deem just and proper.

Respectfully submitted on August 4th, 2022.

                                               **PAULA PRISOCK, PLAINTIFF**

                                               By: _____
                                                   Robert F. Lingold, Jr. (MSB# 99620)
                                                   Ringer, Lingold, & Spencer

**PREPARED BY:**

**Robert F. Lingold, Jr.**
**RINGER, LINGOLD & SPENCER**
**P.O. Box 937**
**Florence, MS 39073**
**Phone: 601-845-5050**
**Fax: 601-845-5060**
**Email: robert@lingoldspencer.com**

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

**Court Identification Docket #:** County # 25, Judicial District 1, Court ID CI
**Case Year:** 2022
**Docket Number:** 514
**Local Docket ID:** (blank)

**Date filed (by clerk):** Month 08, Date 08, Year 22
Case Number if filed prior to 1/1/94: (blank)

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual:** Last Name: Prisock, First Name: Paula

**Address of Plaintiff:** (blank)

**Attorney (Name & Address):** Robert F. Lingold, Jr., P.O. Box 937, Florence, MS 39073
**MS Bar No.:** 99620

### Defendant
(blank)

### Nature of Suit
- [X] Negligence - General (under Torts)